### ROSEN v. SCHOFEL.

Circuit Court, Dade County, Civil Appeal.

November 20, 1952.

Myers, Heiman & Kaplan, Miami, for appellant.

Sweet & Wolf, Miami, and Mark Marks, Miami Beach, for appellee.

CHARLES A. CARROLL, Circuit Judge.

This is an appeal based on dismissal of an action on a check on the granting of defendant's motion to dismiss which was addressed to the complaint.

The order of dismissal, aside from the general ground that the complaint fails to state a claim against defendant upon which relief can be granted, does not show what motivated its entry in the lower court. From the argument on appeal, it appears that the dismissal of this suit resulted from the fact that the check showed that payee was an escrow agent, and the complaint alleged that the proceeds of the check were to be held by payee in escrow. This court cannot hold that the dismissal was in error. An escrow is a form of agency. Spoken of in its strict sense, one who makes a deposit in escrow cannot revoke the agency or withdraw the deposit except upon the happening of the appropriate conditions of the escrow for that result, but as used in everyday business, escrow is not a definite or legal term, and may, and often does, signify a simple agency of a kind which can be withdrawn by the principal at his will.

While there is authority that a check made out in the form that this check was made can be sued on under the N.I.L., the complaint here goes further and talks about the escrow, but without giving the terms or conditions. Accordingly, the dismissal which is appealed from is affirmed, and it is so ordered.

However, this court does not feel that the dismissal should be with prejudice, as it may be that if leave is granted in the lower court on application to file an amended complaint in this case, or if the lower court does not grant leave, then by the filing of a separate or new action on the check, a complaint can set up the terms of the escrow and the circumstances and facts relating to it upon which the plaintiff felt that under the law and facts he was entitled to sue on the check, and upon which he felt that the defendant was not entitled to stop payment on the check, which amended or new complaint may or may not state a cause of action, depending upon its contents as they may be tested in such further proceedings.